Lan v. Lynch

BIA
Balasquide, IJ
A200 930 278

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand sixteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        JON O. NEWMAN,
        PETER W. HALL,
                *Circuit Judges.*

_____

PINGRONG LAN,
        *Petitioner,*

        v.                                     15-1375
                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Melissa
                       Neiman-Kelting, Senior Litigation
                       Counsel; Anthony J. Messuri, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pingrong Lan, a native and citizen of the People's Republic of China, seeks review of a April 9, 2015, decision of the BIA affirming an October 1, 2012, decision of an Immigration Judge ("IJ") denying Lan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pingrong Lan,* No. A200 930 278 (B.I.A. Apr. 9, 2015), *aff'g* No. A200 930 278 (Immig. Ct. N.Y. City Oct. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, and consider only the arguments raised before us. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Accordingly, we address only the agency's denial of withholding

2

of removal.  The applicable standards of review are well established.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ did not make an explicit credibility finding, but concluded that Lan did not sufficiently corroborate his claim. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."  *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Before denying a claim because of an applicant's failure to provide corroborating evidence, the agency must explain what evidence the applicant should have submitted and establish that the evidence is reasonably available.  8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009).  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4).

Lan does not contest the IJ's conclusion that his testimony was insufficiently persuasive or that testimony from his brother and a fellow church member was reasonably available; he has therefore waived any objection to these findings. *Norton*, 145 F.3d at 117. Instead, Lan argues that the IJ ignored a fine receipt and a letter from Lan's church in the United States that corroborated his detention and his current practice of Christianity. However, we do not require that the agency "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted). Moreover, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). With these principles in mind, Lan is, in effect, arguing that the agency should have given greater weight to the fine receipt and church letter. However, the weight to be afforded the evidence lies largely in the agency's discretion. *Id.* at 342. Moreover, the agency was entitled to require additional corroborating evidence in light of Lan's

4

unpersuasive testimony.  8 U.S.C. § 1158(b)(1)(B)(ii).  And, it was Lan's burden to produce reasonably available evidence sufficient to establish eligibility for withholding of removal. 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,

5